UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOMINGO VARGAS,<br><br>                    Plaintiff,<br><br>          v.<br><br>PARKOFF OPERATING CORP. d/b/a THE<br>    PARKOFF ORGANIZATION;<br>75-76 THIRD AVENUE ASSETS I LLC<br>    d/b/a THE PARKOFF ORGANIZATION;<br>75-76 THIRD AVENUE ASSETS II LLC<br>    d/b/a THE PARKOFF ORGANIZATION;<br>75-76 THIRD AVENUE ASSETS III LLC<br>    d/b/a THE PARKOFF ORGANIZATION;<br>75-76 THIRD AVENUE ASSETS IV LLC<br>    d/b/a THE PARKOFF ORGANIZATION;<br>NYRE SERVICES LLC d/b/a THE<br>    PARKOFF ORGANIZATION;<br>77 YORKVILLE ESTATES LLC d/b/a THE<br>    PARKOFF ORGANIZATION;<br>MAYER BRANDWEIN; and<br>SCOTT KAIER,<br><br>                    Defendants. | 1:19-CV-05495<br><br><br><br><br><br><br>**COMPLAINT** |

Through his attorneys, Eisner & Dictor, P.C., plaintiff Domingo Vargas brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("**Title VII**"), the New York State Human Rights Law ("**NYSHRL**"), the New York City Human Rights Law ("**NYCHRL**"), the Fair Labor Standards Act ("**FLSA**"), the New York Labor Law ("**NYLL**"), and all other applicable law, and alleges:

## INTRODUCTION

1. From on or about April 15, 2013, to on or about September 21, 2018, defendants employed Vargas to work as a superintendent of buildings located in New York County, New York. During his employment, defendants subjected Vargas to a hostile work environment and dispar-

1

ately treated Vargas on the basis of his race and/or national origin. On September 21, 2018, defendants discriminatorily terminated Vargas. Vargas seeks and is entitled to recover compensatory damages, punitive damages, attorneys' fees, and costs pursuant to Title VII; compensatory damages pursuant to NYSHRL; and compensatory damages, punitive damages, attorneys' fees, and costs pursuant to NYCHRL.

2. In addition to discrimination claims, Vargas brings wage and hour claims. Throughout his employment with defendants, Vargas worked over forty hours a week, but defendants failed to pay Vargas for the hours in excess of 40 that he worked each week. Vargas was also required to be on call throughout his employment and was unable to make use of this time for his own purposes, but defendants failed to compensate him for his on-call time. Defendants unlawfully deducted from Vargas's wages by requiring him to pay for his own tools necessary to perform his work and by requiring him to pay for tickets or fines defendants' buildings received. Defendants also failed to provide Vargas with wage notices or accurate wage statements. Vargas seeks and is entitled to recover unpaid overtime compensation, liquidated damages, costs, and attorneys' fees pursuant to the FLSA and unpaid overtime compensation, unlawful deductions, statutory pre-judgment interest, liquidated damages, statutory notice and recordkeeping damages, costs, and attorneys' fees pursuant to NYLL.

**JURISDICTION & VENUE**

3. This Court has original federal question jurisdiction pursuant to 29 U.S.C. § 1331 since this case is brought under federal statutes, Title VII, 42 U.S.C. § 2000e-2 *et seq.*, and the FLSA, 29 U.S.C. § 201 *et seq.*

4. This Court has supplemental jurisdiction over plaintiff's NYSHRL, NYCHRL, and NYLL claims pursuant to 28 U.S.C. § 1367(a) since the New York State and City claims are so

related to the federal claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events and omissions giving rise to plaintiff's claims occurred in this judicial district.

## THE PARTIES

6. Plaintiff Domingo Vargas is an adult individual residing in Bronx County, New York.

7. Defendant Parkoff Operating Corp. d/b/a The Parkoff Organization is a New York business corporation with its principal office located at 98 Cuttermill Road, Suite 444 South, Great Neck, New York 11021.

8. Defendant 75-76 Third Avenue Assets I LLC d/b/a The Parkoff Organization ("**Assets I LLC**") is a New York business corporation with its principal office located at 98 Cuttermill Road, Suite 444 South, Great Neck, New York 11021.

9. Defendant 75-76 Third Avenue Assets II LLC d/b/a The Parkoff Organization ("**Assets II LLC**") is a New York business corporation with its principal office located at 98 Cuttermill Road, Suite 444 South, Great Neck, New York 11021.

10. Defendant 75-76 Third Avenue Assets III LLC d/b/a The Parkoff Organization("**Assets III LLC**") is a New York business corporation with its principal office located at 98 Cuttermill Road, Suite 444 South, Great Neck, New York 11021.

11. 75-76 Third Avenue Assets IV LLC d/b/a The Parkoff Organization ("**Assets IV LLC**") is a New York business corporation with its principal office located at 98 Cuttermill Road, Suite 444 South, Great Neck, New York 11021.

12. Defendant NYRE Services LLC d/b/a The Parkoff Organization is a New York business corporation with its principal office located at 98 Cuttermill Road, Suite 444 South, Great Neck, New York 11021.

13. 77 Yorkville Estates LLC d/b/a The Parkoff Organization is a New York business corporation with its principal office located at 98 Cuttermill Road, Suite 444 South, Great Neck, New York 11021.

14. Defendants Parkoff Operating Corp., Assets I LLC, Assets II LLC, Assets III LLC, Assets IV LLC, NYRE Services LLC, and 77 Yorkville Estates LLC hereinafter collectively referred to as **The Parkoff Organization**.

15. Defendant Mayer Brandwein is an adult individual employed by The Parkoff Organization with the title Operations Manager.

16. Defendant Scott Kaier is an adult individual employed by The Parkoff Organization with the title Property Manager.

## STATEMENT OF CLAIMS

17. Plaintiff Domingo Vargas is a Hispanic man from the Dominican Republic.

18. Vargas's EEOC Notice of Right to Sue is attached as **Exhibit 1**.

19. During Vargas's employment with defendants, Parkoff Operating Corp., Assets I LLC, Assets II LLC, Assets III LLC, Assets IV LLC, NYRE Services LLC, 77 Yorkville Estates LLC, and other entities formed a single, integrated enterprise doing business under the name The Parkoff Organization, with interrelated operations, centralized control of labor relations, common management, and common ownership or financial control.

20. Since at least April 15, 2013, The Parkoff Organization has had 15 or more employees.

21. From on or about April 15, 2013, to on or about September 21, 2018, defendants jointly employed Vargas to work as superintendent and/or porter for defendants' buildings located in New York County, New York.

22. Throughout his employment with defendants, Vargas worked as the superintendent and/or porter of The Parkoff Organization's building located at 207 East 76th Street, New York, New York 10021.

23. Throughout his employment with defendants, Vargas worked as the superintendent and/or porter of The Parkoff Organization's building located at 209 East 76th Street, New York, New York 10075.

24. Throughout his employment with defendants, Vargas worked as the superintendent and/or porter of The Parkoff Organization's building located at 217 East 76th Street, New York, New York 10021.

25. From on or about April 15, 2013, to on or about September 11, 2014, Vargas worked as the superintendent and/or porter of The Parkoff Organization's building located at 1295 3rd Avenue, New York, New York 10021.

26. From on or about September 11, 2014, to on or about September 21, 2018, Vargas was the superintendent and/or porter of The Parkoff Organization's building located at 192 East 75th Street, New York, New York 10021.

27. From on or about April 15, 2013, to on or about June 1, 2016, Vargas worked as the superintendent and/or porter of The Parkoff Organization's building located at 1482 1st Avenue, New York, New York 10075.

28. Throughout Vargas's employment, The Parkoff Organization was an employer for purposes of Title VII, NYSHRL, NYCHRL, the FLSA, and NYLL.

29. Throughout Vargas's employment, defendant Scott Kaier was Vargas's direct manager and supervisor with power to do more than carry out personnel decisions made by others. Kaier had and exercised the power to hire and fire Vargas and determine Vargas's wages and work hours

among other terms and conditions of Vargas's employment. Kaier usually gave Vargas his pay checks, and Kaier was Vargas's primary contact in The Parkoff Organization.

30. Throughout Vargas's employment, Kaier was an employer for purposes of NYSHRL, NYCHRL, the FLSA, and NYLL.

31. As a Vargas's employer, Kaier directly participated in discrimination against Vargas on the basis of Vargas's race and/or national origin.

32. Kaier, by actually participating in the conduct giving rise to Vargas's discrimination claims, also aided and abetted The Parkoff Organization's discrimination of Vargas on the basis of Vargas's race and national origin.

33. Throughout Vargas's employment, defendant Mayer Brandwein was Kaier's direct manager. Brandwein had power over Vargas to do more than carry out personnel decisions made by others. Brandwein had and exercised the power to hire and fire Vargas and determine Vargas's wages and work hours among other terms and conditions of Vargas's employment. When Kaier did not give Vargas his pay checks, Brandwein would give Vargas his pay checks.

34. Throughout Vargas's employment, Brandwein was an employer of plaintiff for purposes of NYSHRL, NYCHRL, the FLSA, and NYLL.

35. Throughout his employment with defendants, Vargas worked in excess of forty hours each week, but defendants failed to pay Vargas at one and one-half his regular rate for all hours over forty that he worked each week.

36. Defendants violations of the FLSA were willful.

37. Since at least 2015, The Parkoff Organization has had an annual gross volume of sales made or business done of not less than $500,000.

38. Since at least 2015, The Parkoff Organization has employed individuals that were and are engaged in interstate commerce or that handled, sold, or otherwise worked on goods or materials that have been moved in or produced for interstate commerce. By reason of the foregoing, The Parkoff Organization is an enterprise engaged in commerce or the production of goods for commerce as defined by 29 U.S.C. § 203(s).

39. Throughout his employment, Vargas was a covered employee under the FLSA and was not exempt from the minimum wage and maximum hour requirements under 29 U.S.C. § 213. As an employee of defendants, Vargas provided maintenance services to The Parkoff Organization's buildings, including without limitation cleaning, maintenance, garbage removal, and snow removal.

40. Vargas worked over forty hours each week performing regular maintenance tasks for the buildings to which he was assigned.

41. In addition to working over forty hours per week, Vargas was required to be on call twenty-four hours a day, seven days a week. Defendants did not pay Vargas for any of his time spent on call.

42. While on call, Vargas was engaged to wait and was not able to effectively use the time during which he was on call for his own purposes. Accordingly, Vargas's on-call time is compensable under the FLSA and NYLL.

43. Throughout his employment, Vargas worked a spread of hours in excess of ten, but defendants failed to pay Vargas spread-of-hours premiums.

44. Throughout Vargas's employment with defendants, defendants deducted from Vargas's wages by requiring Vargas to purchase, at his own expense, tools needed to perform his work for defendants but not reimbursing Vargas for these costs.

45. Throughout Vargas's employment with defendants, defendants deducted from Vargas's wages by deducting fines incurred by The Parkoff Organization's buildings.

46. Throughout Vargas's employment with defendants, defendants failed to provide Vargas with accurate wage statements, as required by NYLL § 195(3). Defendants failed to furnish statements containing the basis of pay; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; or the number of hours worked.

47. Throughout Vargas's employment with defendants, defendants failed to provide Vargas with wage notices, in violation of NYLL § 195(1).

48. Throughout Vargas's employment, defendants discriminated against Vargas on the basis of his race and/or national origin through adverse employment actions.

49. Defendants denied Vargas leave time and vacation benefits on the basis of his race and/or national origin.

50. Defendants harassed and intimidated Vargas on the basis of his race and/or national origin.

51. Defendants denied Vargas overtime benefits on the basis of his race and/or national origin.

52. Defendants demoted Vargas on the basis of his race and/or national origin.

53. Based on Vargas's race and/or national origin, defendants paid Vargas less than other co-workers doing the same job.

54. Based on Vargas's race and/or national origin, defendants gave Vargas different or worse job duties compared to other workers doing the same job.

55. Based on Vargas's race and/or national origin, defendants gave Vargas disciplinary notices or negative performance reviews.

56. Defendants subjected Vargas to a hostile work environment permeated with discriminatory intimidation, ridicule, and insult based on Vargas's race and/or national origin that was sufficiently pervasive to alter the conditions of Vargas's employment to create an abusive working environment.

57. Beginning at least around 2015, defendant Kaier, Vargas's supervisor, would call Vargas "Puerto Plata" in reference to a city that Kaier had visited in the Dominican Republic. In connection with calling Vargas "Puerto Plata," Kaier told Vargas that Puerto Plata was a dirty city.

58. Kaier also used curse words to intimidate, ridicule, and insult Vargas.

59. On or about July 7, 2017, in front of one of the buildings to which Vargas was assigned, Kaier approached Vargas, pushed Vargas, and grabbed Vargas's shirt by the collar. Kaier then began screaming insults at Vargas based on Vargas's race and national origin. For example, Kaier called Vargas a "fucking Dominican" and a "Stupid Dominican Spic."

60. By about July 31, 2017, The Parkoff Organization and Brandwein were informed of Kaier's offensive conduct, particularly the incident on July 7, 2017.

61. The Parkoff Organization and Brandwein failed to take appropriate investigative or remedial measures upon being informed of Kaier's offensive conduct.

62. Brandwein, as Kaier's supervisor, aided and abetted The Parkoff Organization's discrimination of Vargas. Brandwein failed to take appropriate investigative or remedial measures after being informed of Kaier's offensive conduct.

63. On or about September 21, 2018, Kaier discriminatorily terminated Vargas based on Vargas's race and/or national origin.

**First Claim**
Disparate Treatment pursuant to Title VII
42 U.S.C. § 2000e-5 *et seq.*

64. Plaintiff repeats and realleges the preceding allegations.

65. Plaintiff brings his Title VII disparate treatment claim against all the Entity Defendants, jointly and severally.

66. Throughout plaintiff's employment, defendants disparately treated plaintiff based on his national origin and/or race.

67. Pursuant to Title VII, plaintiff seeks and is entitled to recover compensatory damages, punitive damages, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**Second Claim**
Hostile Work Environment pursuant to Title VII
42 U.S.C. § 2000e-5 *et seq.*

68. Plaintiff repeats and realleges the preceding allegations.

69. Plaintiff brings his Title VII disparate treatment claim against all the Entity Defendants, jointly and severally.

70. Throughout plaintiff's employment, defendants subjected plaintiff to a hostile work environment based on plaintiff's national origin and/or race.

71. Pursuant to Title VII, plaintiff seeks and is entitled to recover compensatory damages, punitive damages, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**Third Claim**
Disparate Treatment Pursuant to NYSHRL
N.Y. Exec. Law § 290 *et seq.*

72. Plaintiff repeats and realleges the preceding allegations.

73. Plaintiff brings his NYSHRL claim for disparate treatment against all defendants, jointly and severally. The Entity Defendants are liable as employers. Brandwein is liable as an employer and/or as an aider and abettor. Kaier is liable as an employer and because he directly participated in the discrimination.

74. Throughout plaintiff's employment, defendants disparately treated plaintiff based on his national origin and/or race.

75. Pursuant to NYSHRL, plaintiff seeks and is entitled to recover compensatory damages and such other relief as the Court deems just and proper.

### Fourth Claim
### Hostile Work Environment Pursuant to NYSHRL
### N.Y. Exec. Law § 290 *et seq.*

76. Plaintiff repeats and realleges the preceding allegations.

77. Plaintiff brings his NYSHRL claim for hostile work environment against all defendants, jointly and severally. The Entity Defendants are liable as employers. Brandwein is liable as an employer and/or as an aider and abettor. Kaier is liable as an employer, as a participant in the discrimination, and/or as an aider and abettor.

78. Throughout plaintiff's employment, defendants subjected plaintiff to a hostile work environment based on plaintiff's national origin and/or race.

79. Pursuant to NYSHRL, plaintiff seeks and is entitled to recover compensatory damages and such other relief as the Court deems just and proper.

### Fifth Claim
### Disparate Treatment Pursuant to NYCHRL
### N.Y.C. Admin. Code § 8-101 *et seq.*

80. Plaintiff repeats and realleges the preceding allegations.

81. Plaintiff brings his NYCHRL disparate treatment claim against all defendants, jointly and severally. The Parkoff Organization is liable as an employer. Brandwein is liable as an employer or, in the alternative, as an aider and abettor. Kaier is liable as an employer, as a participant in the discrimination, or, in the alternative, as an aider and abettor.

82. Throughout plaintiff's employment, defendants disparately treated plaintiff based on his national origin and/or race.

83. Pursuant to NYCHRL, plaintiff seeks and is entitled to recover compensatory damages, punitive damages, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**Sixth Claim**
Hostile Work Environment Pursuant to NYCHRL
N.Y.C. Admin. Code § 8-101 *et seq.*

84. Plaintiff repeats and realleges the preceding allegations.

85. Plaintiff brings his NYCHRL hostile work environment claim against all defendants, jointly and severally. The Entity Defendants are liable as employers. Brandwein is liable as an employer and/or as an aider and abettor. Kaier is liable as an employer, as a participant in the discrimination, and/or as an aider and abettor.

86. Throughout plaintiff's employment, defendants subjected plaintiff to a hostile work environment based on plaintiff's national origin and/or race.

87. Plaintiff seeks and is entitled to recover compensatory damages, punitive damages, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**Seventh Claim**
Failure to Pay Overtime Compensation Pursuant to the FLSA
29 U.S.C. § 201 *et seq.*

88. Plaintiff repeats and realleges the preceding allegations.

89. Plaintiff brings his FLSA overtime claim against all defendants, jointly and severally.

90. Throughout plaintiff's employment with defendants, plaintiff worked in excess of 40 hours each week, but defendants willfully failed to compensate plaintiff at one and one-half his regular rate of pay for all hours worked in excess of 40 in a week, in violation of the FLSA.

91. Pursuant to the FLSA, plaintiff seeks and is entitled to recover unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**Eighth Claim**
Failure to Pay Overtime Compensation Pursuant to NYLL
NYLL §§ 190 *et seq.*, 650 *et seq.*; 12 NYCRR 141

92. Plaintiff repeats and realleges the preceding allegations.

93. Plaintiff brings his NYLL overtime claim against all defendants, jointly and severally.

94. Throughout plaintiff's employment with defendants, plaintiff worked in excess of 40 hours each week, but defendants willfully failed to compensate plaintiff at one and one-half his regular rate of pay for all hours worked in excess of 40 in a week, in violation of the FLSA.

95. Pursuant to NYLL, plaintiff seeks and is entitled to recover unpaid overtime compensation, statutory pre-judgment interest, liquidated damages, attorneys' fees, costs, post-judgment interest, and such other relief as the Court deems just and proper.

**Ninth Claim**
Unlawful Deductions Pursuant to NYLL
NYLL §§ 190 *et seq.*, 650 *et seq.*; 12 NYCRR 141, 195

96. Plaintiff repeats and realleges the preceding allegations.

97. Plaintiff brings his NYLL unlawful deduction claim against all defendants, jointly and severally.

98. Throughout plaintiff's employment defendants, defendants required plaintiff to purchase tools necessary to perform his work and deducted from plaintiff's wages to pay for tickets and fines Parkoff buildings received, in violation of NYLL.

99. Pursuant to NYLL, plaintiff seeks and is entitled to recover unlawful wage deductions, statutory pre-judgment interest, liquidated damages, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**Tenth Claim**
Failure to Pay Spread-of-Hours Premiums Pursuant to NYLL
NYLL §§ 190 *et seq.*, 650 *et seq.*; 12 NYCRR 141

100. Plaintiff repeats and realleges the preceding allegations.

101. Plaintiff brings his NYLL wage statement claim against all defendants, jointly and severally.

102. Throughout plaintiff's employment with defendants, defendants jointly and severally failed to furnish plaintiff with wage statements, in violation of NYLL.

103. Pursuant to NYLL, plaintiff seeks and is entitled to recover his unpaid spread-of-hours premiums, statutory pre-judgment interest, liquidated damages, attorneys' fees, costs, and such other relief as the Court deems just and proper.

### Eleventh Claim
Failure to Furnish Accurate Wage Statements Pursuant to NYLL
NYLL §§ 190 *et seq.*, 650 *et seq.*; 12 NYCRR 141

104. Plaintiff repeats and realleges the preceding allegations.

105. Plaintiff brings his NYLL wage statement claim against all defendants, jointly and severally.

106. Throughout plaintiff's employment with defendants, defendants jointly and severally failed to furnish plaintiff with wage statements, in violation of NYLL.

107. Pursuant to NYLL, plaintiff seeks and is entitled to recover statutory damages pursuant to NYLL § 198, attorneys' fees, costs, and such other relief as the Court deems just and proper.

### Twelfth Claim
Failure to Furnish Wage Notices Pursuant to NYLL
NYLL §§ 190 *et seq.*, 650 *et seq.*; 12 NYCRR 141

108. Plaintiff repeats and realleges the preceding allegations.

109. Plaintiff brings his NYLL wage notice claim against all defendants, jointly and severally.

110. Throughout plaintiff's employment with defendants, defendants jointly and severally failed to provide plaintiff with wage notices, in violation of NYLL.

111. Pursuant to NYLL, plaintiff seeks and is entitled to recover statutory damages pursuant to NYLL § 198, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

112. Plaintiff demands a jury trial on all issues triable of right by a jury.

## REQUEST FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court grant him the relief to which he is entitled and:

- **(a)** award plaintiff compensatory damages and punitive damages pursuant to Title VII and NYCHRL in an amount to be determined by jury at trial;

- **(b)** award plaintiff compensatory damages pursuant to NYSHRL;

- **(c)** enter judgment declaring that defendants willfully violated the FLSA;

- **(d)** award plaintiff his unpaid overtime compensation pursuant to the FLSA and NYLL;

- **(e)** award plaintiff his unlawfully deducted wages pursuant to NYLL;

- **(f)** award plaintiff his unpaid spread-of-hours premiums pursuant to NYLL;

- **(g)** award plaintiff pre-judgment statutory interest pursuant to CPLR §§ 5001(a) and 5004;

- **(h)** award plaintiff attorneys' fees and costs pursuant to Title VII, NYCHRL, the FLSA, NYLL, and all other applicable law;

- **(i)** award plaintiff post-judgment interest as provided by law; and

- **(j)** grant such other relief that is just and proper.

Dated: New York, New York
       June 12, 2019

Respectfully submitted,

EISNER & DICTOR, P.C.
*Attorneys for Plaintiff*

By: _____
Thomas J. Lamadrid
39 Broadway, Suite 1540
New York, NY 10006
thomas@eisnerdictor.com
T: (212) 473-8700